WINTHROP W. CHENERY *vs.* NATHANIEL WEBSTER & another.

The receipt, by an administrator, of the avails of real estate of his intestate, sold for payment of debts after the expiration of two years from the date of his bond, is not a receipt of new assets which will authorize a creditor thereafter to commence proceedings against him to recover his debt, under Gen. Sts. *c.* 97, § 6.

APPEAL from a decree of the judge of probate dismissing a petition praying that the respondents, as administrators of the estate of Nathaniel R. Webster, might be ordered to pay to the petitioner the amount of a claim held by him against said estate. It was agreed that after the expiration of two years from the date of their bond the respondents, by leave of the probate court, sold land of the intestate for the payment of debts, and that the petitioner commenced no proceedings to recover his claim until after that time. The case was reserved by *Hoar*, J. for the determination of the whole court.

*H. Gleason*, for the appellant.

*C. P. Thompson*, for the appellees.

METCALF, J. As the appellees gave due notice of their appointment as executors of the will of their testator, and the appellant did not, within two years from the time of their giving bond, commence a suit against them on his claim upon the testator's estate, he cannot now hold them to answer to such suit,

unless assets of the deceased came to their hands after the expiration of said two years. Gen. Sts. *c.* 97, §§ 5, 6. And the agreed facts do not show that any assets have, within the meaning of the statute, come to their hands since that time. They have since that time received the proceeds of the testator's real estate, sold by them for payment of his debts, under a license from the judge of probate. That estate was included in the inventory which the appellees returned to the probate court, and was assets, (so much of it as was necessary,) for the payment of the deceased's debts, from the time of his decease ; and the appellees were bound to apply for leave to sell it, if a sale thereof was necessary for that purpose, and would have been answerable on their bond for failure so to do.

The construction of these words of § 6 of *c.* 97 of the Gen. Sts., viz : " When assets come to the hands of an executor or administrator after the expiration of two years," has been adjudged in the case of *Sturtevant* v. *Sturtevant,* 4 Allen, 122. It was there decided that these words obviously mean assets for which the executor or administrator has not been previously liable, and not merely the shape which existing assets, with which he has already been charged, may assume ; that money received after two years, upon the sale of property that was assets, is not within the meaning of § 6, in the latter clause of which the assets named in the former clause are termed " such new assets." The same construction of that section must be given in the present case. See also *Veazie* v. *Marrett,* 6 Allen, 372.

By *St.* 1861, *c.* 174, § 2, the appellant may apply to this court by a bill in equity, setting forth all the facts, and if the court shall be of opinion that justice and equity require it, and that he is not chargeable with culpable neglect in not bringing his suit within the time limited by law, they may give him judgment against the estate of the deceased for the amount of his claim. This, so far as we know, is his only legal resource.

*Decree affirmed.*